the death was not due to diseases with which he was afflicted at the time the injury was received.

4. EVIDENCE, § 387*—*when expert's opinion as to cause of death admissible.* In an action against a street railroad company to recover for the death of a person alleged to have been caused by the starting of defendant's car while he was in the act of boarding it, where it is not disputed that the immediate cause of death was edema of the lungs, it is competent for an expert medical witness to give his opinion as to the cause of the edema.

5. APPEAL AND ERROR, § 1474*—*when admission of evidence not ground for reversal.* The admission of opinion evidence is not ground for reversal even though the objection thereto is well founded, where evidence of a like character was introduced by both parties.

## Pasqualino DeVincenzo, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 21,020.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of fact. Opinion filed November 1, 1915.

### Statement of the Case.

Action by Pasqualino DeVincenzo, by his next friend, plaintiff, against Chicago Railways Company, defendant, to recover for injuries alleged to have been received by being struck by defendant's car while crossing defendant's track. A trial before court and jury resulted in a verdict and judgment for $750, from which defendant appeals.

The evidence showed that plaintiff was struck by a car of defendant while he was crossing on or near the Sangamon street viaduct from the east to the west side of the same. The accident is accounted for by plaintiff as due to dense smoke emanating from railroad engines passing under the viaduct which obscured his view of defendant's car.

CHARLES L. MAHONEY and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

BOLTON & MORIARTY and JOHN B. CALO, for appellee; MAURICE J. MORIARTY and JOHN B. CALO, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 111*—*when burden of showing due care on plaintiff in action for injury at crossing.* In an action against a street railroad company to recover for injuries alleged to have been received by being struck by defendant's car while crossing defendant's line at a viaduct over a railroad, while in the exercise of due care at and immediately before the happening of the accident, the burden is on the plaintiff of showing by preponderance of the evidence that he was in the exercise of such care regardless of any negligence of which the defendant may have been guilty, where the inability of plaintiff to see the car is claimed to have been due to dense smoke from railroad engines passing under the viaduct.

2. STREET RAILROADS, § 95*—*what degree of care required in crossing track where vision obscured.* One crossing a street railroad on a viaduct over a railroad when the track is obscured by dense smoke from steam engines is required to exercise caution and to be on the lookout for the approach of cars.

3. STREET RAILROADS, § 131*—*when evidence sufficient to show negligence in crossing track.* Evidence examined in action for personal injuries through being struck by street car, and *held* to show that plaintiff was guilty of contributory negligence in attempting to cross tracks where they were obscured by smoke from a nearby railroad.

---

The People of the State of Illinois ex rel. Maclay Hoyne, State's Attorney, Appellant, v. Harry M. Fisher, Judge, Appellee.

### Gen. No. 21,753. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed November 8, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.